**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4393**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY SENTERRIO SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:09-cr-00825-CMC-2)

Submitted:  September 30, 2011      Decided:  October 24, 2011

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Charles T. Brooks, III, THE BROOKS LAW OFFICES, LLC, Sumter, South Carolina, for Appellant.  Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Senterrio Spencer pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of cocaine and five grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Spencer to 216 months' imprisonment. Through counsel, Spencer now appeals his conviction and sentence in accordance with Anders v. California, 386 U.S. 738 (1967), presenting no meritorious grounds and raising no specific questions for our review. The Government moves to dismiss the appeal on the basis of a waiver of appellate rights provision in Spencer's plea agreement. We affirm in part and dismiss in part

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed falls within the scope of that waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Spencer knowingly and intelligently waived the right to appeal his sentence. We note that the language and meaning of the appeal waiver in this case is clear and unmistakable, and both Spencer

2

and his attorney signed the agreement, indicating that Spencer had been fully advised about and understood the terms of the plea agreement, including the appellate waiver. Further, the district court fully questioned Spencer about the appeal waiver at the properly conducted Fed. R. Crim. P. 11 hearing. Accordingly, the waiver is valid. Although Spencer does not allege any specific error as to his sentence, any potentially meritorious sentencing issues would fall within the scope of the appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The appellant waiver, however, does not preclude our Anders review of Spencer's conviction. We have thoroughly reviewed the record in this case and conclude that the district court complied with the mandates of Rule 11 in accepting Spencer's guilty plea. Thus, we hold that the record affirmatively shows there was a factual basis for Spencer's plea, that Spencer understood the constitutional rights he waived in pleading guilty, and that Spencer's guilty plea was knowing and voluntary. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). We therefore deny in part the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no unwaived meritorious issues for appeal. Accordingly, for the reasons stated, we

3

affirm Spencer's conviction and grant the Government's motion to dismiss in part and dismiss the appeal as to his sentence. This court requires that counsel inform Spencer, in writing, of the right to petition the Supreme Court of the United States for further review. If Spencer requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spencer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4